IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| REGINALD CALHOUN, ) | CASE NO. 14-30101-DHW |
| ) | |
| ) | CHAPTER 13 |
| Debtor. ) | |

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM**
[Internal Revenue Service]

Comes now the United States of America, by and through George L. Beck, Jr., United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service (Service), and in response to the Debtor's Objection to Claim states as follows:

1. On March 14, 2014, the Service timely filed a Proof of Claim in the total amount of $9,300.99 of which $7,883.65 was classified as unsecured priority and $1,417.34 was classified as unsecured general. [Claim 2-2].

2. On April 3, 2014, Debtor filed an objection to the claim of the Service. [Doc. 20]. Debtor disputes the estimated liability for tax year 2013 stating the return is not yet due. Debtor requests the estimated liability for tax year 2013 be disallowed.

3. Debtor filed this case on January 13, 2014. The 2013 tax year ending on December 31 is a prepetition tax year and the associated liability is subject to claim in this case.

4. The liability reflected on the proof of claim for tax year 2013 is an estimate and based upon information available to the Service.

5. As of May 5, 2014, records of the Service reflect an unfiled return for tax year 2013. Once Debtor files the 2013 tax return, and the return is processed, the claim will be amended as a matter of course.

6. Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the claim constitutes prima facie evidence of the validity and the amount of the claim. The proof of claim filed by the Service is "strong enough to carry over a mere formal objection without more." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). The Debtor has the burden to overcome the claim. See United States v. Kiester, 182 B.R. 52, 53 (M.D. Fla. 1995). An objection to claim, without substantial evidence to support an objection, is insufficient to deprive the claim of its presumptive validity. See In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir. 1993); In re Bertelt, 206 B.R. 579, 584 (Bankr. M.D. Fla. 1996). "The burden of proof is on the objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.'" quoting In re Busch, 213 B.R. 390, 392 (Bankr. M.D. Fla. 1997) quoting In re Homelands of DeLeon Springs, Inc., 190 B.R. 666, 668 (Bankr. M.D. Fla. 1995) citing In re VTN, Inc., 69 B.R. 1005 (Bankr. S.D. Fla. 1987).

Respectfully submitted this 6th day of May, 2014.

> GEORGE L. BECK, JR.
> UNITED STATES ATTORNEY
>
> /s/ DeAnne M. Calhoon
> DeAnne M. Calhoon (CAL065)
> Special Assistant U.S. Attorney
> DeeDee.Calhoon@usdoj.gov

U.S. Attorney's Office
Middle District of Alabama
P.O. Box 197
Montgomery, AL 36101-0197
Telephone: 334-551-1714
Facsimile: 334-223-7201

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2014, I served a copy of the foregoing document, Response to Debtor's Objection to Claim, by the method indicated after each name, upon the following:

| | |
|---|---|
| Teresa Jacobs<br>U.S. Bankruptcy Administrator<br>One Church Street<br>Montgomery, AL  36104<br>[electronic service] | Joshua C. Milam<br>Shinbaum & Campbell<br>566 S. Perry Street<br>Montgomery, AL 36104<br>[electronic service] |
| Curtis C. Reding<br>Chapter 13 Trustee<br>P.O. Box 173<br>Montgomery, AL 36101<br>[electronic service] | Reginald Calhoun<br>347 Rosedon Drive<br>Montgomery, AL 36116<br>[United States Postal Service] |

/s/ DeAnne M. Calhoon
DeAnne M. Calhoon
Special Assistant U.S. Attorney